UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY SAL RODRIGUEZ,

    Plaintiff,

v.                                          CASE NO:

WALMART STORES EAST, L.P.
D/B/A WALMART SUPERCENTER
#2484,

    Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, WALMART STORES EAST, L.P., ("Walmart"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 20th Judicial Circuit Court in and for Hendry County, Florida, Case No. 2020-CA-168, with full reservation of rights, exceptions and defenses, and in support thereof states:

**I.   BACKGROUND**

1. On or about April 13, 2020, Plaintiff commenced this action by filing a Complaint against Walmart, in the 20th Judicial Circuit Court in and for Hendry County, Florida. *See* Pl.'s Compl. attached as Ex. "A." The Complaint was served on Walmart, on April 16, 2020.

2. On or about May 21, 2020, Plaintiff MARY SAL RODRIGUEZ filed her Amended complaint against Walmart alleging a claim for negligence against Walmart as a result of injuries she allegedly sustained on November 23, 2016 when she slipped and fell at the Walmart store located at 1005 W. Sugarland Highway in Clewiston, Florida 33440. *See* Pl.'s Amended Compl. attached as Ex. "B".

3. Specifically, the Plaintiff alleges Walmart failed to maintain the premises when she "slipped and fell due to a dirty, wet, slippery substance that was on the common floor area…" *See* Ex. "B" at ¶ 6.

4. Plaintiffs' Complaint is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

5. Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 20th Judicial Circuit of the State of Florida in and for Hendry County together with a docket sheet from the Clerk of the Court. *See* attached as Composite Ex. "C."

6. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.   REMOVAL IS TIMELY

7. In accordance with 28 U.S.C. § 1446(c), Walmart files this Notice of Removal within thirty (30) days of the date that it received Plaintiff's Response to Defendant's Request for Admissions. Plaintiff's Response to Defendant's Request for Admissions is the first "other paper" received after the filing of this action, from which

it could be ascertained that the case is one which was removable. The thirty (30) day period commenced on June 3, 2020, when Plaintiff served Walmart with the Plaintiff's Response to Defendant's Request for Admissions.

8. Venue exists in the United States District Court for the Middle District of Florida, because the 20th Judicial District in and for Hendry County, where Plaintiff filed her state court Complaint against Walmart, is located within the Middle District of Florida.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

9. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

10. Walmart Stores East, LP, was at the time of the alleged incident, and is currently, a Delaware limited partnership.

11. WSE Management, LLC is the general partner and WSE Investments, LLC, is the limited partner of Walmart. WSE Management, LLC and WSE Investments, LLC were at the time of filing the Complaint, and still are Delaware limited liability companies.

12. The sole member of WSE Management, LLC and the sole member of WSE Investments, LLC is, and was at the time of the filing of the Complaint, Wal-Mart Stores, East, LLC, an Arkansas Limited Liability Company.

13. The sole member of Wal-Mart Stores East, LLC, is and was at the time of filing the Complaint, Wal-Mart Stores, Inc.

14. Wal-Mart Stores, Inc. is a Delaware corporation that is a publically traded company on the New York Stock Exchange and traded under the symbol WMT. The principal place of business for Wal-Mart Stores, Inc. is Bentonville, Arkansas. No publically traded entity owns more than 10% of the company.

15. The principal place of business for all of the above entities (Walmart Stores East, L.P., WSE Management, LLC, WSE Investments, LLC, Wal-Mart Stores East, LLC, and Wal-Mart Stores, Inc.) is and was at the time of the filing of the Complaint, Bentonville, Arkansas.

16. Hence, Defendant, Walmart Stores East, LP is a citizen of both Delaware and Arkansas, and is not a citizen of Florida.

17. Plaintiff is a citizen of the State of Florida residing in Hendry County, Florida. Plaintiff is a not a citizen of Delaware or Arkansas.

18. The 11th Circuit has held "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderhold, 293 F.3d 1254, 1257 (11th Cir. 2002). Further, "[A] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Sunseri v. Macro Cellular, 412 F. 3d 1247, 1249 (11th Cir. 2005).

19. Publicly available records show that Plaintiff is, and was at the time of filing this action, a Florida citizen maintaining a Florida address since at least 2003.

20. Plaintiffs' domicile in Hendry County, Florida is equivalent to her citizenship for purposes of establishing diversity. McCormick at 1257.

21. Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the claimed amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## IV. AMOUNT IN CONTROVERSY

22. The claimed amount in controversy exceeds $75,000.00, exclusive of attorney's fees, costs and interest.

23. Although Plaintiff's Amended Complaint alleges simply that the negligence action exceeds the State of Florida circuit court jurisdictional minimum – "damages in excess of Thirty Thousand ($30,000.00)" (Ex. B, ¶1) – a review of the full Complaint, Plaintiff's Response to Defendant's Request for Admissions, and medical records received to date indicate that the claimed amount in controversy exceeds $75,000.

24. Plaintiff alleges in her Complaint that as a direct and proximate result of the negligence of Walmart, Plaintiff MARY SAL RODRIGUEZ "was injured in and about her body and extremities, suffered pain there from, suffered physical handicap, lost wages and loss of ability to earn money in the past and in the future, aggravation of a previously existing condition and suffered the inability to lead a normal life; all of which are permanent and continuing in nature" and "incurred medical expenses in

the treatment of injuries and will continue to incur said expenses in the future." Ex. "B," ¶12; 13.

25. On June 3, 2020, Plaintiff served her response to Defendant's Request for Admissions, wherein she admits that she is seeking damages in excess of $75,000.00. *See* copy of Plaintiff's Response to Defendant's Request for Admissions attached as Ex. "D".

26. According to Plaintiff's medical records received to date, Plaintiff has incurred injuries to her neck, hip, and lower back with a recommendation to undergo a L5-S1 decompressive laminectomy with post non-instrumented fusion.

27. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, Plaintiff's Response to Request for Admissions as well as a review of Plaintiff's medical records and alleged injuries indicates that Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Jennings v. Powermatic, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at \*2 (M.D. Fla. May 15, 2014),* (Plaintiff's Response to Request for Admissions is competent evidence of the amount in controversy).

28. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir.

1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

29. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000).

30. Based upon the allegations in the Complaint, Plaintiff's alleged injuries, Plaintiff's Response to Request for Admissions, and asserted medical bills, the amount in controversy exceeds the requisite $75,000.00. Medical bills received to date indicate that Plaintiff has incurred at least $15,811.61 in medical bills. This does not take into account Plaintiff's alleged future compensatory damages, nor Plaintiff's past and future non-compensatory damages – "was injured in and about her body and extremities, suffered pain there from, suffered physical handicap, lost wages and loss of ability to earn money in the past and in the future, aggravation of a previously existing condition and suffered the inability to lead a normal life; all of which are permanent and continuing in nature" and "incurred medical expenses in the

treatment of injuries and will continue to incur said expenses in the future." Ex. "B," ¶12; 13.

31. Thus, considering all of the information, the matter exceeds the $75,000 amount-in-controversy requirement. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "Although separately the allegations in the Complaint, the medical information, and Plaintiff's discovery responses would not prove by a preponderance of the evidence that more than $75,000, is in controversy, together they suffice." *Stephenson v. Amica Mutual Insurance Company*, 2014 WL 4162781 (M.D. Fla. Aug. 21, 2014).

32. Notwithstanding, in *Jennings v. Powermatic*, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *2 (M.D. Fla. May 15, 2014), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's response to the defendant's request for admissions admitted the plaintiff was seeking damages in excess of $75,000. *Id.* Further, the plaintiff's response to request for admissions alone met the definition of an "other paper" under § 1446(c)(3)(A). *Id.* at *3. Thus, the court found the defendant established complete diversity and that the defendant established that the amount in controversy exceeds the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

33. Additionally, the court concluded that an affirmative response to a request for admission may establish the amount in controversy. *See, e.g., Diaz v. Big Lots Stores, Inc.,* Case No. 5:10–cv–319, 2010 WL 6793850 (M.D. Fla. Nov. 5, 2010). The removing defendant properly established the amount in controversy by showing an admission from the plaintiff admitting the damages exceeded the jurisdictional amount. *Id.* at *3. Here, Plaintiff's alleged damages as admitted in her Response to the Defendant's Request for Admission alone exceed the jurisdictional minimum of this court, and thus Walmart has established its burden of proving the amount in controversy exceeds $75,000.00.

## V.    CONCLUSION

Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 20th Judicial Circuit in and for Hendry County, Florida.

**WHEREFORE**, Defendant, WALMART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2020-CA-168, on the docket of the Court for the 20th Judicial Circuit in and for Hendry County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, and that

this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

**/s/Amanda J. Sharkey Ross**
Amanda J. Sharkey Ross
Madison P. Allen

HEREBY CERTIFY that on July 2, 2020 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael D. Kaplan, Esq.
Kaplan Law Group, P.A.
6041 Johnson Street
Hollywood, FL 33024
Tel: 954-985-0404
Fax: 954-985-0959
receptionist@thekaplanlawgroup.com
Co-Counsel for Plaintiff

Jose A. Yanez, Esq.
Law Offices of Jose A. Yanez
814 Ponce de Leon Blvd., Suite 418
Coral Gables, FL 33134
Tel: 305-442-8818
Fax: 305-442-1018
service@joseyanezesq.com
Attorneys for Plaintiff

**/s/ Amanda J. Sharkey Ross**
AMANDA J. SHARKEY ROSS
Florida Bar No. 598666
MADISON P. ALLEN
Florida Bar No. 1011247
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone: 239.344.1263
Fax: 239.344.1539
Attorneys for Defendant
Amanda.ross@henlaw.com
tracey.salerno@henlaw.com
madison.allen@henlaw.com
susan.peters@henlaw.com