# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

MARY SAL RODRIGUEZ,

       Plaintiff,

v.                               Case No: 2:20-cv-474-SPC-NPM

WALMART STORES EAST,
L.P.,

       Defendant.

_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Walmart Stores East, L.P.'s Motion for Final Summary Judgment (Doc. 17). Plaintiff Mary Sal Rodriguez responded in opposition (Doc. 20), to which Walmart replied (Doc. 21). Also here are the parties' supplemental briefs (Docs. 24; 25). The Court grants the Motion.

## BACKGROUND

This is a slip-and-fall case. Rodriguez went to Walmart. While walking down a frozen-food aisle, she fell. After the incident, Rodriguez had pain in

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

her neck, back, hip, and legs.  So she saw several doctors—receiving various diagnoses, treatments, and recommendations.  Later, Rodriguez sued.

Before removal, Rodriguez responded to Walmart's interrogatories and requests for production.  An interrogatory answer identified ten facilities that provided her medical care.  Among them was Florida Spine and Joint ("FSJ").  The entry showed Rodriguez received orthopedic surgeon services worth $500 on a single day (seventeen months after the incident).  Within the produced documents was a treatment record from that visit.  It showed Dr. Robert Getter treated Rodriguez.  Getter noted the visit was "status post slip and fall on 11/23/2016." (Doc. 24-2 at 2).  There were no facts to show any opinion on the cause of Rodriguez's injuries.  But Getter recommended surgery.

Along with that document, Rodriguez produced two letters from Getter.  The first—dated a few days after the visit—described the cost of the recommended surgery "secondary to a slip and fall incident that occurred on 11/23/2016." (Doc. 20-3 at 7).  Without elaboration, the letter also noted Rodriguez's "persistent back pain requiring the proposed surgery is due [to] the lumbar spine trauma she sustained from the slip and fall incident." (Doc. 20-3 at 7).  The second letter is not in the record, so it is not considered.[2]

---

[2] According to Walmart, the first letter used Rodriguez's name interchangeably with another. The copy Rodriguez filed was altered (says Walmart) to remove that inconsistency.  To modify a piece of evidence, then offer it attached to an affidavit without disclosure violates the Florida Rules of Professional Conduct.  Fla. Bar Rule 4-3.3, 4-3.4; see Local Rule 2.01(e).  If true, the Court struggles to see how this is anything but a false representation.

According to the production request response, Rodriguez produced all medical records and reports, including those from treating doctors.  In response to a request for expert reports, Rodriguez referred Walmart to the general statement she produced all records.  She also explained, "Plaintiff has not retained any experts at this time.  Discovery is ongoing.  However, Plaintiff may use any of her treating physicians during the trial of this case." (Doc. 25-2 at 2).

After Walmart removed, Rodriguez served initial disclosures.  Under individuals likely to have discoverable information, Rodriguez listed fourteen medical facilities.  FSJ was one.  Later, during her deposition, Rodriguez identified several treating doctors.  She thought one was "Dr. Weber." (Doc. 17-2 at 76).  When pressed on where Weber worked, Rodriguez couldn't remember—even after Walmart asked if he was at FSJ.  In describing her visit with Weber, Rodriguez said she "didn't get treated," but Weber recommended surgery. (Doc. 17-2 at 76).  Ultimately, however, Rodriguez decided against surgery after seeking a second opinion.  At the deposition, Rodriguez never identified Getter.

The deadline to disclose Rodriguez's experts was March 31.  Discovery closed on June 25.  On the morning of the cutoff for dispositive motions (July 19), Walmart moved for summary judgment.

In part, Walmart argues judgment is proper because Rodriguez has no disclosed expert to establish medical causation. That afternoon, Rodriguez served updated initial disclosures. The update added medical providers to most facilities originally listed. In all, Rodriguez identified twenty-one as "**(Hybrid Witness)**" without explanation. (Doc. 24-4 at 2-5). Of those, nineteen were some sort of doctor (either an MD, DO, or DC). Among them was Getter. Now, Rodriguez responds to summary judgment with an affidavit from Getter. The affidavit opines Rodriguez's injuries "are causally related" to the incident. (Doc. 20-3 at 3).

## LEGAL STANDARD

Sitting in diversity, the Court applies Florida substantive and federal procedural law. *Glob. Quest, LLC v. Horizon Yachts Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a material fact is in genuine dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the initial burden to show the lack of genuinely disputed material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir.

2008).  If carried, the burden shifts onto the nonmoving party to point out a genuine dispute.  *Beard v. Banks*, 548 U.S. 521, 529 (2006).  At this stage, courts view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party.  *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).  But if a nonmoving plaintiff cannot make an adequate showing on "an element essential to her case, and on which she will bear the burden of proof at trial," judgment is proper.  *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (cleaned up).

## DISCUSSION

Slip and falls are a form of negligence, so plaintiffs must show duty, breach, causation, and damages.  *Oliver v. Winn-Dixie Stores, Inc.*, 291 So. 3d 126, 128 (Fla. Dist. Ct. App. 2020).  These cases typically rise or fall based on notice of a dangerous condition (like liquid on the ground).  *E.g.*, *Bleers v. Walmart Stores E., LP*, No. 2:19-cv-806-SPC-NPM, 2021 WL 2106531, at *2-5 (M.D. Fla. May 25, 2021).  Yet there is no need to resolve notice.  Because Rodriguez cannot establish a different element of her case—causation—summary judgment is proper.

It's axiomatic there must be "a causal connection between the conduct and the resulting injury."  *Meyers v. Shontz*, 251 So. 3d 992, 1002 (Fla. Dist. Ct. App. 2018) (citation omitted).  In other words, plaintiff must prove defendant's negligence "probably" or "more likely than not . . . caused the

plaintiff's injury." *Gooding v. Univ. Hosp. Bldg., Inc.*, 445 So. 2d 1015, 1018 (Fla. 1984).   Walmart maintains the late-offered expert (Getter) must be struck—leaving Rodriguez with no way to prove causation.

"In the negligence context under Florida law, lay testimony is legally insufficient to support a finding of causation where the medical condition involved is not readily observable." *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, at *6 (S.D. Fla. Apr. 4, 2013).[3]   "Florida courts have held that a plaintiff's back pain and other soft tissue injuries are not readily observable medical conditions." *Rementer v. United States*, No. 8:14-cv-642-T-17MAP, 2015 WL 5934522, at *3 (M.D. Fla. Oct. 9, 2015) (citation omitted).[4]   Given Rodriguez's alleged injuries, "the use of expert testimony on medical causation" is necessary.   *Jones v. Discount Auto Parts, LLC*, No. 6:16-cv-138-Orl-37KRS, 2017 WL 1396477, at *9 (M.D. Fla. Apr. 19,

---

[3] *See Easterwood v. Carnival Corp.*, No. 19-cv-22932-BLOOM/Louis, 2020 WL 7042643, at *16 (S.D. Fla. Dec. 1, 2020); *Torres v. Wal-Mart Stores E., L.P.*, No. 19-62352-CIV-ALTMAN/Hunt, 2021 WL 3634632, at *9 (S.D. Fla. Aug. 17, 2021); *Arevalo v. Coloplast Corp.*, No. 3:19cv3577-TKW-MJF, 2021 WL 2148771, at *4 (N.D. Fla. Apr. 26, 2021); *see also Benitez v. Joseph Trucking, Inc.*, 68 So. 3d 428, 431 (Fla. Dist. Ct. App. 2011); *McKenzie-Wharton v. United Airlines, Inc.*, No. 8:15-cv-114-17MAP, 2016 WL 5346948, at *7 (M.D. Fla. Sept. 23, 2016); *Greene v. Flewelling*, 366 So. 2d 777, 780 (Fla. Dist. Ct. App. 1978); 38 Fla. Jur. § 178 (2d ed. 2021).

[4] *See also Closet Maid v. Sykes*, 763 So. 2d 377, 382-83 (Fla. Dist. Ct. App. 2000) (en banc); *Brasington Cadillac-Oldsmobile v. Martin*, 641 So. 2d 442, 444 (Fla. Dist. Ct. App. 1994); *Crest Prods. v. Louise*, 593 So. 2d 1075, 1077 (Fla. Dist. Ct. App. 1992); *Vero Beach Care Ctr. v. Ricks*, 476 So. 2d 262, 264 (Fla. Dist. Ct. App. 1985); *Handy v. Golden Gem Growers, Inc.*, 454 So. 2d 69, 70 (Fla. Dist. Ct. App. 1984).

2017) (citation omitted).  So if Getter gets struck, Rodriguez can't prove an essential element.

Neither party contends Getter would testify as a lay witness on causation.  The distinction between lay and expert testimony is noteworthy. *E.g.*, *Casequin v. CAT 5 Contracting, Inc.*, No. 2:18-cv-588-JLB-MRM, 2021 WL 3471625, at *2 (M.D. Fla. Aug. 6, 2021).  The parties do not address it though. And the alleged injuries are not those clear to a layperson (e.g., a fall resulting in a broken bone).  So the Court considers Getter's causation opinion as that of an expert.  *See* *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317-18 (11th Cir. 2011) (If "a treating physician's testimony is based on a hypothesis, not the experience of treating the patient, it crosses the line from lay to expert testimony."); *Wilson v. Taser Int'l, Inc.*, 303 F. App'x 708, 712-13 (11th Cir. 2008) (holding a treating doctor's causation opinion was expert testimony); *Chapman v. P&G Distrib., LLC*, 766 F.3d 1296, 1316 n.23 (11th Cir. 2014).

The Federal Rules treat retained and nonretained experts different. Retained experts must produce a full report.   Fed. R. Civ. P. 26(a)(2)(B). Nonretained experts need only provide the subject matter, facts, and opinions of their testimony.   Fed. R. Civ. P. 26(a)(2)(C).  A treating physician is a common type of nonretained expert.   Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment; *Ballesteros v. Wal-Mart Stores E., LP*,

No. 2:19-cv-881-SPC-NPM, 2021 WL 1737452, at *4 (M.D. Fla. May 3, 2021).

On this record, the Court finds Getter was not retained.[5]

> But retained or not, expert witness opinions must be formally disclosed:
>
>> Rule 26(a)(2)(C) is added to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions. . . . Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).

Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment. Rodriguez didn't do that: she provided no disclosure for Getter. Perhaps recognizing the deficiency, Rodriguez makes three broad arguments on why noncompliance with Rule 26(a)(2)(C) is a nonissue. Each fails.

First, Rodriguez says Walmart had the information on Getter's opinion through document production and discovery. In other words, by producing the treatment record and letters, Rodriguez disclosed Getter's use as an expert. This argument has been rejected by many courts. Simply dumping records on an opposing party does not satisfy the clear, simple requirements of Rule 26(a)(2)(C). *E.g.*, *Pugliese v. Texas Roadhouse, Inc.*, No. 5:17-cv-392-Oc-PRL, 2018 WL 3757762, at *2 (M.D. Fla. Aug. 8, 2018) ("Importantly, disclosure of the treatment providers' medical records does not mean that the 'summary of

---

[5] Since the issue is so undeveloped, the Court cannot conclude Getter was retained or the causation opinion formed outside treatment. *See Torres*, 2021 WL 3634632, at *10-17.

8

the facts and opinions' prong of Rule 26(a)(2)(C) has been fulfilled.").[6] Rodriguez made no Rule 26(a)(2)(C) disclosure.  Nor could Walmart have known (absent motion practice) who Rodriguez intended to call.  While Getter's letter included a single, conclusory sentence on causation, many other doctors treated Rodriguez.  What's more, Rodriguez saw Getter just once over a year after the incident and rejected his surgery recommendation.  So the records do not clarify Rodriguez intended to call Getter as a causation expert.

Second, Rodriguez contends listing all her treating medical facilities as individuals likely to have discoverable information in initial disclosures satisfied the Rule.  Not so.  Even if Rule 26 allowed only listing a doctor's medical practice—which it doesn't—Rodriguez did not put Walmart on notice of the expert she planned to use.  *Goncharenko v. Royal Caribbean Cruises, Ltd.*, 734 F. App'x 645, 646-47 (11th Cir. 2018).[7]  In fact, the initial disclosures did not even say she intended to call any treating doctor as an expert.  *Karum Holdings LLC v. Lowe's Co.*, 895 F.3d 944 (7th Cir. 2018) ("There is a

---

[6] *See also Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-CV-01094-JEC, 2013 WL 1189493, at *6 (N.D. Ga. Mar. 21, 2013); *Rangel v. Anderson*, 202 F. Supp. 3d 1361, 1366 n.1 (S.D. Ga. 2016); *Small v. Amgen, Inc.*, No. 2:12-cv-476-FtM-PAM-MRM, 2017 WL 5443912, at *4 (M.D. Fla. Feb. 15, 2017); *Sweat v. United States*, No. 8:14-cv-888-T-17JSS, 2015 WL 8270434, at *2 (M.D. Fla. Dec. 8, 2015).

[7] *See also Pugliese*, 2018 WL 3757762, at *1-2; *Jones*; 2013 WL 8695361, at *4; *Kennedy v. Nick Corcokius Enters., Inc.*, No. 9:15-CV-80642-ROSENBERG/BRANNON, 2015 WL 9016632, at *1 (S.D. Fla. Dec. 16, 2015).

significant distinction between disclosing an individual as a fact witness under Rule 26(a)(1)(A) and disclosing an expert witness under Rule 26(a)(2).").

Rather than disclose her expert, Rodriguez offered a labyrinth medical history without a map. This left Walmart to speculate which facility (if any) employed a doctor Rodriguez might call as an expert. That nondisclosure falls well short. Fed. R. Civ. P. 26(a)(2)(A) (Each "party must disclose to the other parties the identity of any [expert] witness it may use at trial."). And the Court cannot condone Rodriguez's guess-what-doctor-I-might-use tactic:

> Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial. [Defendant] should not be made to assume that each witness disclosed by [plaintiff] could be an expert witness at trial.

See *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004).

And third, as much as Rodriguez relies on updated initial disclosures, they are lacking too. After Walmart moved for summary judgment, Rodriguez served updated disclosures noting Getter as a potential hybrid witness. This was well after the expert disclosure and discovery deadlines. Fed. R. Civ. P. 26(a)(2)(D) ("A party must make these disclosures at the times and in the sequence that the court orders."). More important, it did not satisfy the Rule's notice requirements. *Prieto v. Malgor*, 361 F.3d 1313, 1317 (11th Cir. 2004) ("Notice of the expert witness' name is not enough.").

A nonretained expert disclosure must contain the testimony's subject matter along with the facts and opinions expected. Fed. R. Civ. P. 26(a)(2)(C). The updated disclosures simply identify nineteen doctors as potential hybrid witnesses without explanation. Again, discovery should not be a guessing game—disclosure was required. And it was not incumbent on Walmart to depose all nineteen treating doctors (after the discovery and dispositive motion deadlines) on the off-chance Rodriguez wanted to call one. *See Reese v. Herbert, 527 F.3d 1253, 1266 (11th Cir. 2008)* ("Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." (citation omitted)).

So Rodriguez's nondisclosure violated Rule 26(a)(2)(C). By rule, therefore, Getter cannot be used "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). As the Rule violator, Rodriguez bears the burden. *Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2017). She does almost nothing to meet it.

There is little doubt Rodriguez's failure wasn't substantially justified. "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Id.* Anyone familiar with federal discovery would know Rodriguez needed to provide a Rule 26(a)(2)(C)

disclosure.   The Rules Committee contemplated excusing unknown noncompliance by pro se litigants. Fed. R. Civ. P. 37(c) advisory committee note to 1993 amendment.   But Rodriguez is represented by counsel, who is presumably familiar with the Rules. Local Rule 2.01(b).   Because Rodriguez did not disclose Getter and offers no reasonable explanation why, the failure was not substantially justified.

Nor was the nondisclosure harmless.   In this context, the definition is unsettled. *Griffin v. United States*, No. 3:19-cv-441-MMH-PDB, 2021 U.S. Dist. LEXIS 144928, at *42-43 (M.D. Fla. June 25, 2021).   Neither party offers any argument on the standard to apply.   And the Eleventh Circuit has not really spoken on it. *Circuitronix, LLC v. Kinwong Elec. (Hong Kong) Co.*, 993 F.3d 1299, 1307-08 (11th Cir. 2021).   Yet many courts consider a list of factors to determine both substantial justification and harmlessness:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*E.g.*, *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019); *see also Rangel*, 202 F. Supp. 3d at 1366 (applying test to harmlessness alone); *but see Romero v. Drummond Co.*, 552 F.3d 1303, 1321, 1323 (11th Cir. 2008)

(applying similar test to excluding fact witness, but not to excluding expert under Rule 37(c)(1)).

First, Getter's causation opinion surprised Walmart. *See Rangel*, 202 F. Supp. 3d at 1366-67. While Rodriguez says it was enough for Walmart to know Getter—among many other doctors—treated her, that falls short of notice Getter would provide a causation opinion. There was simply no hint Getter would be offered as an expert until after the discovery deadlines ran and Walmart moved for summary judgment. So this factor weighs for harm.

Second, Walmart had little power to cure the surprise. Rodriguez contends Walmart could have inferred Getter was a causation expert from discovery and deposed him. To be sure, a party's knowledge and ability to take discovery plays a role in this analysis. *E.g.*, *Jones*, 2017 WL 1396477, at *8-11. Here, however, there was no disclosure at all of Rodriguez's intent to use Getter as an expert. She could presumably call any of the (at least) nineteen treating doctors as fact witnesses. Still, Rodriguez gave no suggestion anybody was a causation expert.

While Rodriguez seems to think the burden is on Walmart to blindly build a defense, the Rules demand otherwise. The party offering experts must disclose their identities. Fed. R. Civ. P. 26(a)(2)(A). Theoretically, Walmart could have compelled Rodriguez to say whether she intended to call an expert on causation and who it would be. Yet it was not Walmart's responsibility to

spend time and money assuring Rodriguez complied with her obligations. Lawsuits are battles of opposing forces; defendant need not ensure plaintiff builds a sufficient case during discovery.  *See Uncommon, LLC v. Spigen, Inc., 926 F.3d 409, 418 (7th Cir. 2019)* (Defendant "did not flag the error for [plaintiff], which was fair; litigation is adversarial.").   Nor was this a circumstance where Walmart saw a technical defect in a disclosure and sat on its hands until the deadlines lapsed.  *See Torres, 2021 WL 3634632, at \*19*.  In other words, this was not Walmart playing high-stakes chicken.  Rodriguez didn't reveal she would call a causation expert.  And Walmart was therefore free to rely on that nondisclosure.  So this factor weighs for harm.

Third, allowing Getter's testimony will require extending all remaining deadlines and reopening others.  If Getter's opinion comes in, Walmart must get the opportunity to (1) depose him, (2) prepare a rebuttal expert, and (3) file a *Daubert* motion.[8]  Even though Walmart does not ask, it must have a chance at those options for the nondisclosure to approach harmlessness.  Since those deadlines passed, they would need to be reopened.  What's more, all remaining deadlines—including the trial term—would need to be pushed back.  There is just not enough time to remedy the nondisclosure, refile summary judgment,

---

[8] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

and get a ruling before running into pretrial deadlines.  So this factor weighs for harm.

Fourth, Getter's expert opinion is important.  In fact, it's dispositive. Without an expert, Rodriguez loses.  So this factor weighs heavy against harm. *See, e.g.*, *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1203 (10th Cir. 2017) (requiring district court to consider lesser sanctions when exclusion has practical effect of dismissal).

And fifth, Rodriguez offers no rational explanation for the failure.  It is unclear whether this was gamesmanship or ignorance of the Rules.  At any rate, the Court cannot accept Rodriguez's conclusory contention that Walmart hiring a causation expert somehow eliminates the prejudice despite having almost no discovery on Getter or ability to challenge his opinion.  So this factor weighs for harm.

Considering all that, the Court finds Rodriguez's nondisclosure was harmful.  Rule 37(c)(1), therefore, demands excluding Getter.  *See Uncommon*, 926 F.3d at 419 ("Parties who fall short on their disclosure obligations generally lose out on their expert evidence, as Rule 37(c) and plenty of caselaw make plain.").

To be sure, the Court might consider lesser sanctions.  Fed. R. Civ. P. 37(c)(1) (permitting sanctions "[i]n addition to or instead of" exclusion); *but see Crawford v. ITW Food Equipment Grp., LLC*, 977 F.3d 1331, 1353 (11th Cir.

2020) (Tjoflat, J., dissenting).  In fact, some other circuits require it when the result is dispositive.  *HCG*, 873 F.3d at 1203.  Yet Rodriguez must file a motion—or at least make argument—for something other than exclusion.  Fed. R. Civ. P. 37(c)(1) (contemplating other sanctions "on motion and after giving an opportunity to be heard").  She never did that.  So it is unnecessary to even consider lesser sanctions.  *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 741-42 (9th Cir. 2021); *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 704-05 (8th Cir. 2018).

All the same, the Court is mindful of the dispositive nature of this result. To the extent that the Court can consider lesser sanctions, they are unwarranted.  To start, there is prejudice to Walmart from the late disclosure. *See, e.g.*, *Arevalo v. Coloplast Corp.*, No. 3:19cv3577-TKW-MJF, 2021 WL 2148770, at *4-5 (N.D. Fla. Apr. 5, 2021) (collecting cases).  Any reopening of discovery would saddle Walmart with fees and costs for Rodriguez's violations. For example, if Getter's opinion comes in, Walmart must get the opportunity to depose him, prepare a rebuttal expert, file a *Daubert* motion, and move for summary judgment again.  Since those deadlines passed, they will need to be reopened.  What's more, an extension would inevitably delay trial on this slip and fall that, by this point, occurred almost five years ago.

Aside from prejudice, Rodriguez knew (or should have known) her conduct violated Rule 26 and the Court's scheduling order.  At the Preliminary

Pretrial Conference last year, Judge Mizell addressed the deadline for Rodriguez's expert disclosures. Counsel confirmed the deadline would be fine because typically the experts "are just the treating physicians." Even after Judge Mizell offered a later deadline—and explained the importance of expert disclosures to a scheduling order—counsel said the deadline set would work. At the hearing, Judge Mizell directed the parties to the Court's Civil Discovery Handbook, which commands "non-retained experts must still be disclosed." M.D. Fla. Handbook of Civil Discovery § II.E.1. And the parties' own discovery plan mandates they comply with all expert disclosure requirements by the deadlines set. (Doc. 9 at 6 ("The parties shall fully comply with Rule 26(a)(2) on or before the deadline for their expert disclosures.")). "The scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Payne v. Ryder Sys., Inc. Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997) (citation omitted). So the Court does not take lightly the disregard of its deadlines, which passed months ago. *See RLI Ins. v. Alfonso*, No. 19-60432-CIV-ALTMAN/Hunt, 2021 WL 430720, at *13 (S.D. Fla. Feb. 8, 2021) (letting parties "ignore discovery deadlines would undermine the Court's 'unquestionable authority' to manage

its own docket" (quoting *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014))).[9]

Finally, while Walmart first raised the issue almost three months ago, Rodriguez did not remedy the failure. As the rule-breaking party, Rodriguez has the burden. She could have asked to extend the deadlines, provide a late disclosure, and offer Getter for a deposition. Instead, Rodriguez simply doubled down—arguing she need not provide a full expert report (which Rule 26(a)(2)(C) does not even require), providing updated initial disclosures that still do not comply with Rule 26, and blaming Walmart for not seeing through her lapses. This is not a circumstance where the Court should exercise any discretion it has to sua sponte grant leniency.

In short, Getter's expert opinion on causation is excluded. The same result would apply to any other nondisclosed treating doctors Rodriguez might think about calling. Without that expert testimony, Rodriguez cannot prove causation—an essential element of her claim. So summary judgment is proper. *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1322 (11th Cir. 1999) ("Because the court found [plaintiff's] causation testimony inadmissible, and such

---

[9] *See also In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19md2885, 2021 WL 954785, at *6 (N.D. Fla. Mar. 14, 2021); *Kraese v. Jialiang Qi*, No. CV417-166, 2021 WL 640826, at *6 (S.D. Ga. Feb. 18, 2021).

testimony was essential to maintaining the negligence claims, . . . summary judgment was proper.").

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Final Summary Judgment (Doc. 17) is **GRANTED**.

2. Judgment is **ENTERED** in favor of Defendant and against Plaintiff.

3. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 12, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record