## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MARY SAL RODRIGUEZ,

        Plaintiff,

v.                             Case No: 2:20-cv-474-SPC-NPM

WALMART STORES EAST,
L.P.,

        Defendant.
_____/

## <u>OPINION AND ORDER</u>[1]

Before the Court is Plaintiff Mary Sal Rodriguez's Motion for Reconsideration (Doc. 30). Defendant Walmart Stores East, L.P. responded in opposition (Doc. 35).[2] The Court denies the Motion.

The Court granted Walmart's motion for summary judgment (the "Order"). (Doc. 26). The Order held (1) Rodriguez failed to disclose an expert (Dr. Robert Getter); (2) Rodriguez failed to meet her burden to show why the failure should be excused; and (3) without Getter, Rodriguez could not

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Court considers the Local Rule 3.01(g) dispute resolved. (Docs. 34; 36).

establish causation. So the Court entered judgment for Walmart. Now, Rodriguez wants a redo.

## LEGAL STANDARD

Reconsideration under Rule 59(e) may be proper to correct "manifest errors of law or fact." *Jenkins v. Anton*, 922 F.3d 1257, 1263 (11th Cir. 2019). It may also be appropriate to account for intervening changes in law and newly discovered (or previously unavailable) evidence. *Banister v. Davis*, 140 S. Ct. 1698, 1703 n.2 (2020). And a 59(e) motion might fit "if there is a need to correct a manifest injustice." *E.g.*, *LLC SPC Stileks v. Rep. of Mold.*, 985 F.3d 871, 882 (D.C. Cir. 2021). Ultimately, the decision to reconsider "is committed to the sound discretion of the district judge." *United States v. Jim*, 891 F.3d 1242, 1252 (11th Cir. 2018) (citation omitted).

Motions for reconsideration are granted sparingly, and they are not chances to "relitigate old matters." *See Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050, 1059-60 (11th Cir. 2020) (citation omitted). Nor will courts "address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S. Ct. at 1703. "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *U.S. ex rel. Matej v. Health Mgmt. Assocs.*, 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012) (citation omitted).

## DISCUSSION

Before getting to the merits, the Court denies Rodriguez's request for a hearing. A hearing on this matter is discretionary. And considering the facts, it is unnecessary. What's more, Rodriguez's request buried within the Motion violates Local Rule 3.01(h).

With that resolved, the Court turns to the merits. Rodriguez makes two broad arguments, contending the Court must correct a misunderstanding to prevent manifest injustice. The Court tackles each.

### A. Substantial Justification

First, Rodriguez says the nondisclosure was substantially justified. Rodriguez now contends Getter's affidavit offered in response to summary judgment was a timely expert disclosure. According to Rodriguez, the Court's Case Management and Scheduling Order ("CMSO") didn't set a deadline to disclose nonretained experts. Even if it did, she says her reliance was justified. The Court disagrees.

There's a big initial problem for Rodriguez—she never made that argument despite having the chance to do so. Walmart argued for exclusion because Rodriguez failed to properly disclose Getter (Doc. 21 at 6-7) and any disclosure was untimely (Doc. 24 at 3-4). Rather than address those issues, Rodriguez argued (1) she didn't need to provide an expert report; (2) Walmart had enough notice of Getter and his opinion; (3) Walmart possessed records

and could have deposed Getter; and (4) any failure was justified or harmless. So the Court denies reconsideration. *Banister*, 140 S. Ct. at 1703 (Federal "courts will not address new arguments or evidence that the moving party could have raised.").

Even if necessary to reach the Motion's merits, reconsideration is misplaced.

Parties must disclose nonretained experts, along with a summary of their opinions. (Doc. 26 at 7-11). In doing so, parties must comply with court deadlines. Fed. R. Civ. P. 26(a)(2)(D). If a CMSO sets no deadline, the Rules provide a default schedule—disclosures are due ninety days before trial. Fed. R. Civ. P. 26(a)(2)(D)(i). "But Rule 26 provides the controlling deadline only in the absence of a scheduling order issued by the trial court." *Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2017). When "the court has entered a scheduling order, the court's deadlines control." *Id.*

According to Rodriguez's new argument, the CMSO only sets a deadline to disclose expert reports. As the argument goes, because she need not produce a report and the Court never set a deadline to disclose nonretained experts, the default schedule applies. Because the default deadline would not run until October 5, Rodriguez thinks the disclosure was timely. Not so.[3]

---

[3] For the sake of argument, the Court will accept Rodriguez's belief "the date set for trial is January 3, 2022." (Doc. 30 at 8). As the CMSO explained, however, that was not the date

The CMSO sets a deadline for "Disclosure of Expert Reports." (Doc. 13 at 1). To be sure, the Court agrees with Rodriguez (on this record) she didn't need to produce a report. (Doc. 26 at 8). So Rodriguez's point that the CMSO did not set a nonretained expert disclosure deadline has some facial appeal. But the Order mentioned two reasons it falls short. (Doc. 26 at 17).

First, the Middle District's Handbook on Civil Discovery—with which the CMSO demands compliance—clarifies:

> The expert report is not required of a "hybrid" witness, such as a treating physician . . . (though *non-retained experts must still be disclosed and are subject to regular document and deposition discovery*). The parties are encouraged to communicate openly about all opinions that a treating physician is expected to render in support of a party's case.

M.D. Fla. Handbook on Civil Discovery § II.E.1. (emphasis added); (Doc. 13 at 2) ("All counsel and parties must comply with . . . the Handbook.")).[4] Considering this, the Court concludes it set a deadline for disclosure of all expert testimony in the CMSO. The CMSO contained standard language used across this District for the nearly twenty years this Court has been on the

---

set for trial—it was the anticipated trial term. (Doc. 13 at 2, 9). CMSOs do not set a date certain, and the Court regularly moves trial terms depending on availability. In fact, if this case went to trial, the Court likely would have moved it up a month or two. So it is unclear when the ninety-day clock would start. Even so, the answer is the same accepting Rodriguez's assumed date.

[4] The District amended its Handbook, along with the Local Rules, effective February 2021. Where relevant, both versions are identical.

federal bench.   Over that time, the Court cannot recall a lawyer ever misinterpreting the expert deadline in this way.   And Rodriguez's citation to Southern District CMSOs is unavailing.   How other judges word their scheduling orders does not somehow render this Court's CMSOs unclear.

Second, the parties' Pretrial & Discovery Plan removes any lingering doubt.  It says, "The parties shall *fully comply* with Rule 26(a)(2) on or before the deadline for their expert disclosures."[5] (Doc. 9 at 6) (emphasis added).  Rule 26(a)(2) applies to both retained and nonretained experts.   So the Discovery Plan clears up any possible confusion: all expert identities must be disclosed (and reports or summaries exchanged) by the CMSO's deadline.

In short, the Court concludes the CMSO was not so unclear it rendered the nondisclosure substantially justified.   While the Order only mentioned those reasons, there are others buttressing that conclusion.

Even if the CMSO were unclear about the expert disclosure deadline, it was unequivocal on the discovery deadline.   The Court set a "Discovery" deadline for June 25.   (Doc. 13 at 1).   That deadline wasn't only for fact discovery.   Nor was it for all discovery except nonretained expert disclosures.

---

[5] The parties' Discovery Plan was required by Rule 26(f).  They used a Court-provided form document—as directed by their form Case Management Report (Doc. 7 at 4)—before the Local Rule amendments (which now provide for filing that information in other ways).  This quoted language, therefore, was the Court's demand for full compliance with Rule 26(a)(2).

To infer either from the plain language would be unreasonable.   Again, however, even if there were confusion, the Handbook explains:

> The Court ordinarily sets a discovery completion date through its [CMSO] (although a Judge may have another method of setting and extending that deadline).   *The Court follows the rule that the completion date means that all discovery must be completed by that date.* . . .   Untimely discovery requests are subject to objection on that basis. Counsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date.

M.D. Fla. Handbook on Civil Discovery § I.F. (emphasis added).  Nobody could reasonably misinterpret when all discovery was due.  Because expert discovery is part of discovery, Getter's disclosure was due by that cutoff (at the latest). *E.g., PB Legacy, Inc. v. Am. Penaeid, Inc.*, No. 2:17-cv-9-JES-NPM, 2021 WL 4942429, at *3 (M.D. Fla. Oct. 22, 2021) ("And the discovery  deadline means what it suggests; namely, all discovery must be completed by that date."); *Mount Vernon Fire Ins. v. Nat'l Fire Ins. Co. of Hartford*, No. 8:07-CV-1593-T-24EAJ, 2008 WL 2397606, at *2 (M.D. Fla. June 10, 2008) ("The discovery cut-off date means that all discovery must be completed by that date.").[6]

---

[6] *See also Calderone v. Scott*, No. 2:14-cv-519-FtM-PAM-CM, 2016 WL 7210882, at *2 (M.D. Fla. Dec. 13, 2016); *Eli Rsch., LLC v. Must Have Info, Inc.*, No. 2:13-cv-695-FtM-38CM, 2015 WL 4694046, at *1 (M.D. Fla. Aug. 6, 2015); *Aviation Advisors Int'l, Inc. v. Transamerica Inv. Grp., Inc.*, No. 8:09-CV-588-T-23AEP, 2010 WL 11507331, at *2 (M.D. Fla. July 29, 2010); *Jim Boast Dodge, Inc. v. Daimler Chrysler Motors Co.*, No. 8:05-CV-1999-T-30MAP, 2007 WL 4409781, at *1 (M.D. Fla. Jan. 16, 2007).

Rodriguez cites one case supporting her justification argument. *Valdes v. Miami-Dade Cnty.*, No. 12-22426-CIV-MORENO/O'SULLIVAN, 2015 WL 6829055, at \*4 (S.D. Fla. Nov. 6, 2015). It held reliance on the default deadline was substantially justified. *Valdes* was not decided on new argument at reconsideration. And as much as *Valdes* concluded the discovery deadline does not override the default schedule, the Court disagrees. The cases *Valdes* relied on either excluded experts disclosed after the cutoff (as here) or found justification when experts were disclosed during discovery (unlike here).[7]

And *Valdes*' reliance on an Eleventh Circuit case is unconvincing. *Sch. Bd. of Collier Cnty., Fla. v. K.C.*, 285 F.3d 977 (11th Cir. 2002). There, a party "disclosed its desire and intent to use" an expert "over a year prior to trial." *Id. at 981*. Rodriguez disclosed her intent four months before trial—after the discovery, *Daubert*, and dispositive motion deadlines ran. What's more, *K.C.* had unique facts. The question was whether a party could supplement an administrative record with expert testimony. The party offering that expert

---

[7] *Cruz v. United States*, No. 12-21518-CIV, 2013 WL 246763, at \*4-5 (S.D. Fla. Jan. 22, 2013) (excluding expert disclosed after discovery); *Bodden v. Cole*, No. 3:11-cv-127-J-20MCR, 2012 WL 33051, at \*1-2 (M.D. Fla. Jan. 6, 2012) (experts disclosed before discovery deadline); *see also Paris v. Progressive Am. Ins.*, No. 19-21761-CIV-DIMITROULEAS/SNOW, 2021 WL 3375873, at \*1-2 (S.D. Fla. Feb. 12, 2021) (reports exchanged after discovery deadline, but experts disclosed and depositions taken before cutoff); *DePeri v. Mayo Clinic Jacksonville*, No. 3:19-cv-1418-HES-JRK, 2021 WL 734520, at \*2-3 (M.D. Fla. Feb. 25, 2021) (discovery deadline not yet expired).

moved to do so a month after the close of discovery. And ultimately, the court allowed supplementation. This case is different.

Rodriguez did not disclose Getter until well after the discovery deadline. And she didn't address timeliness or other sanctions until after judgment. That makes this case more like *Reese v. Herbert*, 527 F.3d 1253, 1264-66 (11th Cir. 2008). In *Reese*, plaintiff orally disclosed an expert just before discovery closed. Still, *Reese* excluded the expert because plaintiff exchanged the report after the discovery deadline—which was too late for an expert deposition during discovery. The result here is the same. *See also Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 718-19 (11th Cir. 2019) (excluding unreasonably delayed disclosure after discovery without moving to extend the deadline).

So whether the CMSO set an expert disclosure deadline is irrelevant because the "general discovery deadlines displace Rule 26(a)(2)(D)" (i.e., the default schedule). *Halaoui v. Renaissance Hotel Operating Co.*, No. 6:13-cv-1839-ORL-40TBS, 2014 WL 6801807, at *2 (M.D. Fla. Dec. 2, 2014).[8] One circuit adopted this reasoning. *Hassebrock v. Bernhoft*, 815 F.3d 334, 340-41

---

[8] *See also Doerr v. Alplanalp*, No. 6:19-cv-1194-Orl-40LRH, 2020 WL 8991767, at *2 & n.2 (M.D. Fla. Dec. 17, 2020); *Pringle v. Johnson & Johnson*, No. 13-81022-CIV-MARRA/MATTHEWMAN, 2019 WL 6723822, at *1-5 (S.D. Fla. Dec. 11, 2019) (excluding untimely expert disclosed "after the close of discovery and after the briefing of the motion for summary judgment"); *Edge Sys. LLC v. Aguila*, 708 F. App'x 998, 1002 (Fed. Cir. 2017) (applying Eleventh Circuit law); *Brenton v. Consol. Rail Corp.*, No. 00-CV-0742E(Sr), 2006 WL 1888598, at *2 (W.D.N.Y. July 7, 2006); *Semi-Tech Litig. LLC v. Bankers Tr. Co.*, 219 F.R.D. 324, 325 (S.D.N.Y. 2004).

(7th Cir. 2016) ("The default deadline in the rule does not apply in this case because there was a court order setting a discovery deadline."); *Sherrod v. Lingle*, 223 F.3d 605, 612-13 (7th Cir. 2000) (holding discovery deadline included expert discovery). The Court agrees with this rationale.

As a final point, Rodriguez's reading makes no sense. The Court's deadline for dispositive and *Daubert* motions was July 19. Assume (like Rodriguez) the Court set a summary judgment deadline months before production of essential causation evidence was due. That still leaves the *Daubert* deadline inexplicably set three months before Rodriguez even needed to disclose Getter. If that were the case, Walmart could never challenge the reliability of Rodriguez's expert medical testimony. This absurdity underscores the conclusion any reliance Rodriguez placed in the default disclosure deadline was unreasonable. *See Kerr*, 856 F.3d at 812 ("Substantially justified means that reasonable people could differ as to the appropriateness of the contested action.").

In short, Rodriguez failed to show substantial justification.

**B. Harmlessness**

Next, Rodriguez contends the nondisclosure was harmless. The Order scrutinized that issue. As Rodriguez recognizes, the Order did so despite the parties not addressing the relevant factors. Yet therein lies the rub. Rodriguez misunderstands whose burden it was to establish harmlessness: hers. Fed. R.

Civ. P. 37(c)(1). She failed to do so, merely offering a few conclusory sentences without support while ignoring any iteration of the relevant legal test. Again, reconsideration is not the time to raise new arguments that could have—and should have—been raised earlier. *Banister*, 140 S. Ct. at 1703. So the Motion is denied on that basis.

Even if it were necessary to reach Rodriguez's harmlessness contentions, they fail. There is no need to rehash what the Order already decided. These late-offered explanations do not change the Court's conclusion. As the Order explained, Rodriguez failed to show the nondisclosure was harmless.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Alter Judgment and/or for Reconsideration of Opinion and Order (Doc. 30) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 24, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record