UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY SAL RODRIGUEZ,

    Plaintiff,

v.                                                Case No. 2:20-cv-474-SPC-NPM

WALMART STORES EAST, L.P.,

    Defendant.

---

**ORDER**

    Before the court are two related motions about Defendant Walmart Stores East, L.P.'s bill of costs. (Docs. 29, 32). Under the mistaken belief that its bill of costs needed to be filed within fourteen days of the judgment, Walmart asks the court to deem the bill of costs timely even though it was filed on the fifteenth day. (Doc. 29). Plaintiff Mary Rodriguez moves the court to strike the bill of costs as untimely or to deny portions of the requested costs as nontaxable. (Doc. 32).

    Unless a local rule states otherwise, a bill of costs may be filed "within a reasonable time after the entry of judgment." *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 779 n.8 (8th Cir. 2014); *see also Bergeron v. Cabral*, 393 F. App'x 733, 734 (1st Cir. 2010) ("If the local rules do not address the issue, a motion for costs is not subject to any particular time limitation, but instead must be filed within a reasonable time.") (citing 10 Moore's Federal Practice - Civil § 54.100[1][a] (2017));

*Anderson v. Techtronic Indus. N. Am., Inc.*, No. 6:13-cv-1571-Orl, 2015 WL 4459029, *1 (M.D. Fla. July 20, 2015) (there is no time limit in Rule 54 for the filing of a bill of costs); *see generally Faulconer v. Centra Health Inc.*, No. 6:17-cv-00023, 2020 WL 3423480, *2 (W.D. Va. June 1, 2020), report and recommendation adopted, 2020 WL 3422195 (W.D. Va. June 22, 2020) (observing "Courts outside the Fourth Circuit have similarly held that, in the absence of a local rule setting an earlier deadline, a prevailing party may wait until after the resolution of an appeal to file its bill of costs.").

The previous version of this court's local rules required any bill of costs to be filed within fourteen days of the judgment. M.D. Fla. R. 4.18(a) (Dec. 1, 2009). But the revised local rules that became effective February 1, 2021, contain no such deadline. And the current local rules apply. *See State Farm Mut. Auto. Ins. Co. v. Spangler*, No. 6:20-cv-360-PGB-LRH, 2021 WL 7501163, *2 (M.D. Fla. Nov. 15, 2021).[1] The bill of costs in this matter was filed within a reasonable time, and so Walmart's motion (Doc. 29) to deem the filing timely is **DENIED AS MOOT**.

As for the motion to strike (Doc. 32), it does not certify that the movant conferred with the opposing party in a good faith effort to resolve the motion. It is therefore **DENIED WITHOUT PREJUDICE** for failure to comply with Local

---

[1] "The new Local Rules govern in all proceedings commenced on and after February 1, 2021, and, insofar as just and practicable, in all proceedings then pending." *Order Delaying Effective Date of New Local Rules Until February 1, 2021*, No. 8:20-mc-100-SDM (Dec. 16, 2020) (Corrigan, C.J.).

Rule 3.01(g). The court tends to strictly enforce its motion-related conference requirements to foster communication between the parties, narrow or resolve issues without court involvement, and ensure that disputes are neither under- nor overstated when first presented to the court for resolution.

The parties' efforts to resolve objections to the bill of costs without court intervention appear to have been cut short by the erroneous belief that the bill of costs needed to be filed within fourteen days of the judgment. And the court notes that the bill of costs appears to include nontaxable items, such as the fees of an expert who was not appointed by the court, a mediator's fee, and overnight delivery charges. Although the court has discretion to award those costs specifically enumerated in 28 U.S.C. §1920, the court may not tax as costs items not authorized by statute. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). By **April 29, 2022**, Walmart will confer with Rodriguez and file an amended bill of costs. Any objections to the amended bill of costs must be filed within fourteen days of its filing.

**ORDERED** on April 8, 2022.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE